UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT S. TURNER, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendant. | Case No. 1:22-cv-00923-JLT-EPG <br><br> ORDER FOR PLAINTIFF AND DEFENDANT EQUIFAX TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE AGAINST THEM <br><br> (ECF Nos. 14, 15) |

       This action alleges violations of the Fair Credit Reporting Act. (ECF No. 1). The remaining defendant, Equifax Information Services, LLC, filed its answer on August 29, 2022. (ECF No. 7, *see* ECF No. 6).

       On October 18, 2022, Plaintiff filed a notice of settlement as to Defendant Equifax. (ECF No. 10). On October 19, 2022, this Court issued a minute order directing the parties to file an appropriate dismissal document within twenty-one days. (ECF No. 11) (citing Local Rule 160(b) – "Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). After the deadline expired with nothing being filed, the Court issued a minute order directing the parties to file a dismissal document by no later than November 22, 2022. (ECF No. 12).

Thereafter, Plaintiff requested additional time to file a dismissal document, which the Court approved, requiring a dismissal document to be filed by no later than December 21, 2022. (ECF No. 13, 14). After the parties failed to file anything by the deadline, the Court issued a minute order directing the parties to file a dismissal document by no later than December 29, 2022. (ECF No. 15). To date, the parties have still filed nothing.

Local Rule 110 provides as follows: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 160(b) provides, in pertinent part, as follows: "A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions." "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, IT IS ORDERED as follows:

1. Plaintiff and Defendant Equifax shall show cause why sanctions should not issue against them for failure to comply with the Court's orders and Local Rule 160(b). (ECF Nos. 14, 15).
2. Plaintiff and Defendant Equifax have until no later January 23, 2023, to file a written response to this order to show cause.
3. Alternatively, by no later than January 23, 2023, Plaintiff and Defendant Equifax may file an appropriate dismissal document or a filing explaining why they are unable to do so.[1]

\\\

---

[1] Because Defendant Equifax filed an answer, the parties should file a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which must be "signed by all parties who have appeared."

4. The failure to comply with this order may result in sanctions.

IT IS SO ORDERED.

Dated: **January 9, 2023**        /s/ Eric P. Groj
                                  UNITED STATES MAGISTRATE JUDGE

3